FILED ___ ___ RECEIVED
ENTERED ___ ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL - 7 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MONTENEQUE NAKIA KNOX,

    Plaintiff,

vs.

TANIA ARGUELLO, *et al.*,

    Defendants.

3:09-cv-00559-HDM-RAM

**ORDER**

        Plaintiff has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* was granted on March 29, 2010. (Docket #9). The Court now reviews plaintiff's complaint. (Docket #1-2).

**I. Screening Standard**

        Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Instant Complaint

Plaintiff, an inmate at Nevada State Prison during the time period relevant to the complaint, names the following persons as defendants: Tania Arguello, correction lieutenant; Patrick McNamara, correctional sergeant; Tabitha Creon, correctional officer; Davis, correctional officer; associate warden James Baca; law library supervisor Matt Tilley; head case worker Zappatini; correctional officer Shorey; and correctional officer Frecher.

### A. Defendants in Their Official Capacities

Plaintiff sues all defendants in both their individual and official capacities. In *Kentucky v. Graham*, the Supreme Court clarified the distinction between official and personal capacity suits. 473 U.S. 159, 165 (1984). The Court explained that while individual capacity suits

seek to impose personal liability upon a government official for actions performed under color of state law, official capacity actions generally represent another way "of suing an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). In order to establish personal liability in a §1983 action, a plaintiff must show that an individual, acting under color of state law, caused a deprivation of a federal right. *Graham*, 473 U.S. at 166. By contrast, in an official-capacity action, a plaintiff must demonstrate that a policy or custom of an entity contributed to the violation of a federal law. *Id.* That is to say, "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48 (citation omitted). States and state officers sued in their official capacities are not "persons" for purposes of a § 1983 action and may not be sued under the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). On the other hand, § 1983 allows suits against state officers in their individual capacities for acts they took in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Individuals may not be sued in their official capacities under § 1983 for their actions, and plaintiff has failed allege that a policy or custom contributed to violations of federal law. Plaintiff's claims against all the defendants in their official capacities are dismissed with leave to amend.

**B. Count I**

Plaintiff alleges an Eighth Amendment violation of his rights, specifically, a failure to provide protection against attack by other inmates.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

3

personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*, 152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

In the instant case, plaintiff "incorporates by reference" allegations set forth in a complaint he allegedly filed with the court on September 25, 2009. The Court has no record of such filing. Moreover, a complaint must be complete in itself and must not make reference to other documents. Plaintiff alleges in the instant complaint that he and another inmate, Carl Joshua, spoke "a few bad words" to each other on February 27, 2009. (Compl., at p. 4). On March 14, 2009, inmate Joshua was housed in plaintiff's cell. On March 14, 2009, plaintiff and inmate Joshua declared a "truce" and "agreed to settle their differences." (*Id.*). However, from March 14-28, "plaintiff received and ignored multiple threats made by inmate Joshua's gang." (*Id.*). Plaintiff alleges that on March 28, 2009, inmate Joshua was removed from his cell. (*Id.*). Plaintiff further

4

alleges that on April 23, plaintiff was notified by associate warden Baca that he was being requested at the gym. At 1:30 that day, plaintiff was "attacked by [a] gang." (*Id.*).

As to the individual defendants, plaintiff alleges that: "On March 31, 2009, c/o Creon and 'other staff' was [sic] notified of the threat received by members of inmate Joshua's entourage, at which time plaintiff requested protective custody." (Complaint, at p. 5). Plaintiff alleges that associate warden Baca and case worker Zappatini were made aware of the "potential [for] oppressive malice" and breached their duty of care. (*Id.*). Plaintiff alleges that they refused to allow him to transfer and this resulted in an unnecessary attack. (*Id.*).

The Court finds that plaintiff states a cognizable claim for deliberate indifference to the serious risk of being attacked by other inmates, as to defendants Creon, Baca, and Zappattini. However, the complaint is vague regarding any "other staff" who knew of a threat to plaintiff's physical safety, yet did nothing to prevent it. Therefore, the Court will allow plaintiff to file an amended complaint, specifying which, if any, other prison staff members acted in deliberate indifference to his safety.

**C. Count II**

Plaintiff alleges a violation of his First Amendment right to access of the courts. Plaintiff again "incorporates by reference" allegations made in another complaint. Plaintiff is reminded that the complaint must be complete in itself and must not make reference to other documents. Plaintiff alleges that he started to have difficulties with the law library staff on May 25, 2009. Plaintiff alleges that law library supervisor Matt Tilley denied him legal supplies.

A prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or

legal assistance program hindered his efforts to pursue a legal claim." Id. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In *Lewis v. Casey*, the Supreme Court defined prisoners' right of access to the courts as simply the "right to bring to court a grievance." *Id.* at 354.

In the instant complaint, plaintiff alleges simply that the prison library supervisor denied him legal supplies. Plaintiff does not allege that any defendant hindered his efforts to bring a lawsuit regarding a direct criminal appeal, habeas corpus proceedings, or civil rights action challenging conditions of confinement. In order to state a claim for denial of access to the courts, plaintiff must allege that he was hindered in his attempt to present a lawsuit that fits within those categories. The complaint fails to state a claim for denial of access to the courts. Therefore, Count II is dismissed with leave to amend.

### D. Count III

Plaintiff alleges a violation of his Fourteenth Amendment right to equal protection. The Equal Protection Clause was intended as a restriction on state legislative action inconsistent with elemental constitutional premises. Thus the Court has treated as "presumptively invidious those classifications that disadvantage a 'suspect class,' or that impinge upon the exercise of a 'fundamental right.' " *Plyler v. Doe* 457 U.S. 202, 216-217 (1982) *citing McLaughlin v. Florida*, 379 U.S. 184, 192 (1964); *Hirabayaski v. United States,* 320 U.S. 81, 100 (1943)), *see also Dunn v. Blumstein,* 405 U.S. 330, 336 (1972).

Plaintiff alleges that has received unfavorable treatment because of his racial and religious background. (Compl., at p. 7). Plaintiff appears to allege that he subscribes to a Muslim belief. Plaintiff alleges that he was denied a "diet conforming to Muslim belief," but he does not allege that he requested such a diet from any of the defendants, or that any of the named defendants denied him a diet in conformance with his religious belief. Plaintiff also vaguely alleges that he was "set up" with different cellmates in an attempt to obtain his addresses and attack his family. Plaintiff alleges that he received threats, but he does not allege that any of the named defendants threatened

him. Plaintiff has failed to allege that any of the defendants treated him unfavorably or unfairly because of his race or religious beliefs. Therefore, the Count III is dismissed with leave to amend.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint (Docket #1-2).

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED with leave to amend**.

**IT IS FURTHER ORDERED** that plaintiff may file an **amended complaint** within **forty-five (45) days** of the date of entry of this order, if he believes that he can cure the defects of the complaint described above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court. If plaintiff does not file an amended complaint, the action may be dismissed.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "**FIRST AMENDED**" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number **3:09-cv-00559-HDM-RAM** above the words "FIRST AMENDED" in the space for "Case No."

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

DATED: July 6, 2010.

_____
UNITED STATES MAGISTRATE JUDGE