

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MONTENEQUE NAKIA KNOX, | ) | |
| Plaintiff, | ) | 3:09-cv-00559-HDM-RAM |
| vs. | ) | |
| TANIA ARGUELLO, *et al.*, | ) | **ORDER** |
| Defendants. | ) | |

This is a *pro se* prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed July 7, 2010, the Court reviewed plaintiff's original complaint. (Docket #10). The order found that plaintiff states a cognizable claim for deliberate indifference as to defendants Creon, Baca, and Zappattini. (*Id.*). The order dismissed the remaining claims with leave to file an amended complaint. (*Id.*). On August 16, 2010, plaintiff filed an amended complaint. (Docket #12). The Court now reviews the amended complaint.

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure

12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Plaintiff, an inmate at Nevada State Prison, names the following persons as defendants in the amended complaint: Tabitha Creon, correctional officer; associate warden James Baca; case worker Zappatini; law library supervisor Matt Tilley, and correctional officer Shorey.

**Count I**

Plaintiff alleges an Eighth Amendment violation of his rights, specifically, a failure to provide protection against attack by other inmates. Based on the allegations of the amended complaint, the Court finds that plaintiff states a cognizable claim for deliberate indifference to the serious risk of being attacked by other inmates, as to defendants Creon, Baca, and Zappattini. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

**Count II**

Plaintiff alleges a violation of his First Amendment right to access of the courts. Plaintiff alleges that as a result of denial of access to the law library, his petition for a writ of habeas corpus was returned. Plaintiff states a cognizable claim against law library supervisor Matt Tilley for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).

**Count III**

Plaintiff alleges a violation of his Fourteenth Amendment right to equal protection. Plaintiff alleges that has received unfavorable treatment by correctional officer Shorey because of his racial and religious background. (Amended Compl., at p. 6). Plaintiff states a cognizable claim against defendant Shorey for denial of equal protection. *See Plyler v. Doe* 457 U.S. 202, 216-217 (1982) *citing McLaughlin v. Florida*, 379 U.S. 184, 192 (1964); *Hirabayaski v. United States,* 320 U.S. 81, 100 (1943)), *see also Dunn v. Blumstein*, 405 U.S. 330, 336 (1972).

**Conclusion**

**IT IS THEREFORE ORDERED** that the amended complaint (Docket #12) states a cognizable claim as follows: Count I as to defendants Creon, Baca, and Zappattini; Count II as to

2

defendant Matt Tilley; and Count III as to defendant Shorey.

**IT IS FURTHER ORDERED** as follows:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's amended complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

DATED: September 8, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| _____, | ) | Case No. _____ |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **NOTICE OF INTENT TO** |
| | ) | **PROCEED WITH MEDIATION** |
| _____ | ) | |
| | ) | |
| _____ | ) | |
| Defendants. | ) | |

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

4

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or
helped prepare this document

5